# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| TONY TUCKER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO.: 3:13-CV-1051-TLS |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Tony Tucker, a prisoner proceeding pro se, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. In WCU # 13-04-0729, Tucker was found guilty of unauthorized possession and destruction of state property. (ECF No. 7-2.) Among other sanctions, he lost sixty days of earned time credits. (*Id.*) After Tucker filed this Petition, the Indiana Department of Correction (IDOC) final reviewing authority decided to vacate the guilty finding and remand the case for a new hearing. (ECF No. 7-1.)

Based on the IDOC's action, the Respondent moves to dismiss the Petition as moot [ECF No. 7]. As the Respondent points out, because the guilty finding has been vacated, there is at present nothing for this Court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas proceeding only if it lengthened the duration of the petitioner's confinement); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Tucker filed two documents in opposition to the Motion. He argues that the Petition should not be dismissed because he already endured certain sanctions as a result of the case. (ECF No. 8 at 1.) He appears to be referring to the fact that he served time in disciplinary

segregation and temporarily lost phone privileges as a result of the guilty finding. (*See* ECF No. 7-2.) However, this is not a basis for keeping his habeas petition alive. Disciplinary segregation and loss of privileges affect the "severity" rather than the "duration" of custody. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). As the United States Court of Appeals for the Seventh Circuit has explained, "More restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." *Id.*

Tucker also appears to argue that prison officials should not be permitted to try him again on the same charge. (ECF No. 8 at 1.) To the extent he is trying to raise a double jeopardy challenge, his argument is unavailing, because double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Accordingly, the Petition will be dismissed. If Tucker is dissatisfied with the results of the new hearing, he is free to file a new habeas petition after exhausting his administrative remedies.

For the reasons set forth above, the Respondent's Motion [ECF No. 7] is **GRANTED**, and the Petition [ECF No. 1] is **DISMISSED**.

SO ORDERED on April 9, 2014.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT
                                       FORT WAYNE DIVISION